# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID F. CANAS-FLORES, | Civil No. 3:17-cv-1603 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN CRAIG A. LOWE, | |
| Respondent | |

## MEMORANDUM

**I. Background**

On September 8, 2017, Petitioner, David Canas-Flores, a native and citizen of El Salvador, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. 1). At the time his petition was filed, Petitioner was detained at the Pike County Correctional Facility, in Lords Valley, Pennsylvania. (*Id.*).

In an effort to ascertain the custodial status of Petitioner, the Court accessed the United States Immigration and Customs Enforcement Online Detainee Locator System, which revealed that Petitioner is no longer in the custody of that agency.[1] The ICE Local Field Office confirmed that Petitioner was removed from the United States on October 3, 2018. Consequently, for the reasons set forth below, the Court will dismiss the habeas

---

[1] Upon entering Petitioner's alien registration number, 205656833, and his country of birth, El Salvador, into the Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do, the results returned no matches for any such detainee.

petition as moot.

## II. Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is deported, the petition becomes moot because the petitioner has achieved the relief sought. *See Tahic v. Holder*, 2011 U.S. Dist. LEXIS 49782, *3-4 (M.D. Pa. 2011); *Nguijol v. Mukasey*, 2008 U.S. Dist. LEXIS 95464, *1-2 (M.D. Pa. 2008) (dismissing the habeas petition as moot).

In the present case, the habeas petition challenges Petitioner's continued detention pending removal. *See* (Doc. 1). Petitioner was removed from the United States on October 3, 2018. Because Petitioner has been released from ICE custody and removed from the United States, the petition no longer presents an existing case or controversy. *See Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4; *Sanchez v. AG*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued

2

detention by ICE was rendered moot once the petitioner was released). Accordingly, the instant habeas corpus petition will be dismissed as moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")).

A separate Order shall issue.

Date: October ___, 2018

Robert D. Mariani
United States District Judge